**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| CALEB-ROBERT:ROCKENBAUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00351-RK |
| | ) | |
| BRAD D. EDISON,[1] PARKE J. STEVENS, | ) | |
| and J.R. STEVENS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff "Caleb-Robert:Rockenbaugh's" pro se motion for leave to proceed *in forma pauperis* and Financial Affidavit. (Doc. 2.) After careful consideration and for the reasons explained below, the Court **ORDERS** that Plaintiff's pro se motion to proceed *in forma pauperis*, (Doc. 2), is **GRANTED**, and Plaintiff's complaint, (Doc. 1), is **DISMISSED** pursuant to the *Younger* abstention doctrine and the Court's initial *in forma pauperis* screening review under 28 U.S.C. § 1915(e)(2)(B), as set out below.

### Discussion

In the complaint, Plaintiff, a citizen of Ohio, (*see* Doc. 1 at 1), asserts claims under 42 U.S.C. § 1983 for violations of his First and Fourth Amendment rights, false arrest, and false imprisonment. (*See generally* Doc. 1.) These claims arise from events occurring during a traffic stop and subsequent court proceedings in Texas County, Missouri.[2] (*Id.*) In his complaint Plaintiff seeks both injunctive relief regarding the pending state court proceedings as well as damages. Specifically, Plaintiff is requesting that the charges in the state matter be dropped, all records related to the state matter be removed from his records, and for the Court to lift any restrictions on his driver's license. (Doc. 1 at 5.) He seeks a total of $800,000 in damages. (*Id.* at 6.)

### I.   *In Forma Pauperis* **Status**

As an initial matter, 28 U.S.C. § 1915(a)(1) authorizes the Court to allow indigent persons to commence a civil action without the prepayment of costs, that is the Court may allow a case to

---

[1] The Court presumes that Plaintiff is referring to the Honorable Brad. D. Eidson, Associate Circuit Judge for the Circuit Court of Texas County, Missouri.

[2] *See State v. Rockenbaugh*, No. 22TE-CR00734 (Cir. Ct. Tex. Cnty., Mo.).

proceed *in forma pauperis*. However, "[t]he opportunity to proceed *in forma pauperis* is a privilege, not a right." *Weaver v. Pung*, 925 F.2d 1097, 1099 n.4 (8th Cir. 1991). When considering a motion to proceed *in forma pauperis*, the Court first determines whether the plaintiff satisfies the economic eligibility requirements. Local Rule 83.7(c) provides that the standard for determining *in forma pauperis* status is whether the requirement to pay the costs of the lawsuit would cause the applicant to be forced "to give up the basic necessities of life." It appears based on his affidavit that Plaintiff is financially unable to pay the filing fee. (Doc. 2 at 2-4.) Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**.

## II. Subject-Matter Jurisdiction and § 1915(e)(2)(B) Screening Review

Although the Court will not require Plaintiff to pay the required filing fee, the Court must consider whether Plaintiff has properly invoked the Court's subject-matter jurisdiction and whether Plaintiff's complaint is otherwise subject to dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### A. *Younger* Abstention as to Plaintiff's Claims for Injunctive Relief

Title 42 U.S.C. § 1983 authorizes a civil action for the violation of a person's constitutional rights under color of state law. While federal courts generally have subject-matter jurisdiction in a case asserting claims under § 1983 pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), there are certain cases in which the Court should decline to exercise its subject-matter jurisdiction. For example, under the *Younger*[3] abstention doctrine, "federal courts should abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions." *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012); *see also Minn. Living Assistance, Inc. v. Peterson*, 899 F.3d 548, 552 (8th Cir. 2018) ("*Younger* abstention is applicable only where the state proceeding qualifies as (1) a criminal prosecution, (2) a civil enforcement proceeding that is akin to a criminal prosecution, or (3) a proceeding implicating a state's interest in enforcing the orders and judgments of its courts"). The *Younger*

---

[3] *Younger v. Harris*, 401 U.S. 37 (1971).

2

abstention doctrine recognizes that "principles of comity and federalism preclude federal actions seeking injunctive or declaratory relief" when the factors above are present in a given case. *Tony Alamo Christian Ministries*, 664 F.3d at 1249 (citing *Younger*, 401 U.S. at 41 & n.2 (1971)).

Based on Plaintiff's complaint, there is little question that the three *Younger* elements for abstention are present here. First, Plaintiff's constitutional claims arise in the context of an ongoing state criminal proceeding involving the traffic stop and subsequent charge for driving while intoxicated. *See id.* ("For purposes of applying *Younger* abstention, the relevant time for determining if there are ongoing state proceedings is when the federal complaint is filed."). This proceeding was pending when the federal complaint was filed on March 4, 2026, and appears to remain pending as of the date of this Order.[4]

Second, the underlying state proceeding is a criminal matter that the State of Missouri has brought against Plaintiff Rockenbaugh. *See Minn. Living Assistance*, 899 F.3d 548, 552 (8th Cir. 2018) ("*Younger* abstention is applicable . . . where the state proceeding qualifies as (1) a criminal prosecution . . . ."). "There are important state law interests in enforcing the state's criminal laws and in allowing state courts to administer their own cases." *Egziabher v. Evans*, No. 5:20-cv-05003, 2020 WL 2067433, at \*2 (W.D. Ark. Apr. 29, 2020) (finding *Younger* abstention applied where Egziabher had an ongoing state criminal proceeding for driving while intoxicated); *see also Aiona v. Judiciary of Hawaii*, 17 F.3d 1244, 1249 n.7 (9th Cir. 1994) ("[T]he state does have an important interest in keeping drunk drivers off the road.").

And finally, third, there is no indication that Plaintiff will be unable to raise any constitutional concerns through the state courts as this criminal matter proceeds. *See Haugen v. Missouri*, No. 17-cv-00794-ODS, 2017 WL 4819110, at \*2 (W.D. Mo. Oct. 25, 2017) (finding that *Younger* abstention doctrine applied, in part, to the extent "an adequate opportunity exists for Plaintiff to raise these [constitutional] issues in the state court proceeding"). Because the *Younger* abstention doctrine applies here, the Court declines to exercise subject-matter jurisdiction in this case as to Plaintiff's claims for injunctive relief. *See Hudson v. Campbell*, No. 09-cv-4271-NKL, 2010 WL 1657989, at \*3 (W.D. Mo. Apr. 26, 2010).

---

[4] It appears that following Plaintiff's September 2022 arrest, a misdemeanor information charging Plaintiff with DUI was filed in the Circuit Court of Texas County on December 30, 2022, along with the issuance of an arrest warrant (which may remain unexecuted).

3

**B.      Initial Screening Review as to Plaintiff's Claims for Monetary Damages**

As to Plaintiff's claims for monetary damages, when the *Younger* abstention doctrine applies, damages claims should generally be stayed, rather than dismissed. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998). Independent of the *Younger* abstention doctrine, however, the Court must also ensure that a complaint survives an initial *in forma pauperis* screening review under 28 U.S.C. § 1915(e)(2)(B).

Upon review, the Court concludes that Plaintiff's complaint is otherwise subject to dismissal because it "seeks monetary relief against a defendant who is immune from such relief" and otherwise fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). First, Plaintiff asserts claims against Judge Brad D. Eidson, a Texas County Circuit Court Judge, for his judicial conduct in the state criminal proceedings. "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). Accordingly, Judge Eidson is entitled to absolute immunity from suit for performing judicial functions in Plaintiff's underlying state criminal proceedings.

Plaintiff also asserts claims against Parke J. Stevens who is the Texas County Prosecuting Attorney in the underlying state criminal proceeding. Like judges carrying out judicial functions, prosecutors are "entitled to absolute prosecutorial immunity for claims arising out of [their] conduct" during the prosecution of a criminal proceeding. *See Fisher v. Casey*, No. 23-cv-00733-FJG, 2023 U.S. Dist. LEXIS 237672, at *5 (W.D. Mo. Oct. 13, 2023) (collecting cases). Therefore, Prosecutor Stevens is also entitled to absolute immunity from suit for performing prosecutorial functions in Plaintiff's underlying state criminal proceedings.

In addition to Judge Eidson and Prosecutor Stevens, Plaintiff brings suit against Missouri State Trooper J.R. Stevens. Trooper Stevens may be entitled to qualified immunity on Plaintiff's § 1983 claims where "[t]here are no non-conclusory allegations that show that [he] violated a clearly established federal right." *Spencer v. Koster*, No. 4:16-cv-00648 JAR, 2016 WL 3348412, at *2 (E.D. Mo. June 16, 2026). Given the lack of factual detail in Plaintiff's complaint, and the conclusory nature of the allegations included, Trooper Stevens is entitled to qualified immunity on Plaintiff's § 1983 claim.

Moreover, even if Trooper Stevens were not entitled to qualified immunity, a plaintiff—even when proceeding pro se—must allege "sufficient facts to state a claim upon which relief may be granted"; that is a complaint must include "sufficient factual matter, accepted as true, to state a

4

claim to relief that is plausible on its face." *Church of Jesus Christ Christian v. Newton County*, No. 3:13-cv-05020-SRB, 2015 WL 13357901, at *1 (W.D. Mo. June 26, 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). As best as the Court can discern, Plaintiff asserts a § 1983 claim against Trooper Stevens for arresting Plaintiff after he refused a blood or breathalyzer test during a traffic stop. (Doc. 1 at 4.) Plaintiff pleads that the arrest "represented excessive force," without any further detail on how Trooper Stevens used excessive force in making the arrest. Plaintiff's conclusory allegations are not sufficient to "show at least an inference that [his] constitutional rights were violated," however. *Church of Jesus Christ Christian*, 2015 WL 13357901, at *3. Thus, he has failed to state a claim pursuant to § 1983 against Trooper Stevens.

Finally, Plaintiff appears to assert a claim for false arrest or false imprisonment against Trooper Stevens. Under Missouri law, false arrest and false imprisonment are interchangeable and the elements of both are "the confinement, without legal justification, by the wrongdoers of the person wronged." *See Highfill v. Hale*, 186 S.W.3d 277, 280 (Mo. 2006). Trooper Stevens pulled Plaintiff over after observing he was not staying in his lane of traffic. (Doc. 1 at 4.) After conducting field sobriety tests, Trooper Stevens requested that Plaintiff submit to a breathalyzer test, which he refused. (*Id.*) The results of a breathalyzer test "can be used by the officer to establish probable cause." *See Findley v. Dir. of Revenue*, 204 S.W.3d 722, 727-28 (Mo. Ct. App. 2006). Thus, when a driver refuses to submit to a breathalyzer test, "[t]he refusal to submit to the [portable breathalyzer test] is evidence supporting a reasonable belief . . . that [the individual] was intoxicated." *Findley*, 204 S.W.3d at 727-28. Moreover, Plaintiff admitted to Trooper Stevens that he had a beer about an hour before getting pulled over. (Doc. 1 at 4.) These facts indicate that probable cause existed to arrest Plaintiff for driving while intoxicated. Where there is probable cause for an arrest, a claim of false arrest or false imprisonment must fail because it requires the arrest or confinement to be "without legal justification." *See Highfill*, 186 S.W.3d at 280; *see also Brown v. City of St. Louis*, No. 4:18-cv-00389-MTS, 2021 WL 2413364, at *6 (E.D. Mo. June 14, 2021) ("Given the Court's conclusion that probable cause existed to arrest Plaintiff, his restraint was lawful, and his claim for false arrest under Missouri law necessarily fails."). Thus, Plaintiff has failed to state a claim against Tropper Stevens for false arrest or false imprisonment.

**Conclusion**

Accordingly, the Court **ORDERS** that Plaintiff's pro se motion to proceed *in forma pauperis*, (Doc. 2), is **GRANTED**, and Plaintiff's complaint, (Doc. 1), is **DISMISSED** pursuant to the *Younger* abstention doctrine and the Court's initial *in forma pauperis* screening review under 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED**.


s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT


DATED:  July 22, 2026

6